```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff and Judgment Creditor | : | |
| v. | : | Criminal No. DKC 17-0196 |
| | : | |
| KEVIN MILLER, Defendant and Judgment Debtor | : | |
| CAPITAL ONE, N.A. and FIDELITY INVESTMENTS Garnishees | : : | |

**MEMORANDUM OPINION AND ORDER**

Wayne Miller, brother of Defendant Kevin Miller ("Defendant"), filed an objection and request for a hearing before a magistrate judge on March 26, 2019. (ECF No. 83). Wayne Miller indicated that he is Defendant's power of attorney and objected to garnishment of the funds in Defendant's Fidelity and Capital One accounts because Defendant has "pre-existing court-ordered child support obligations" for his minor child. (*Id.*). On April 22, 2019, however, Wayne Miller filed a notice of withdrawal as power of attorney and indicated that the role would be immediately transferred to Defendant's former father-in-law, James Barnes ("Mr. Barnes"). (ECF No. 87). Mr. Barnes filed a request for hearing on May 1, 2019, providing a copy of the updated power of attorney and repeating Defendant's garnishment objection. (ECF No. 88). For the following reasons, the objection must be

supplemented with an order demonstrating Defendant's child support obligation.

## I. Background

Defendant Kevin Miller ("Defendant") pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) on November 3, 2017. (ECF No. 33). Defendant was sentenced to 120 months of imprisonment and ordered to pay a fine in the amount of $5,000.00 and restitution in the amount of $515,641.00 on December 11, 2018. (ECF No. 71). Plaintiff United States of America ("the government") applied for writs of continuing garnishment to Fidelity Investments and Capital One on January 17, 2019. (ECF Nos. 73 & 74). The clerk issued the writs on February 6, 2019. (ECF Nos. 75 & 76). Defendant's Capital One checking account contains a balance of $89,497.27. (ECF No. 78, at 3). Defendant maintains four Fidelity brokerage and retirement accounts totaling $525,001.92. (ECF No. 79, at 3).

Wayne Miller initially filed an objection and request for a hearing before a magistrate judge on February 5, 2019. (ECF No. 77, at 2). This case was originally assigned to Judge Roger Titus, who issued an order returning Wayne Miller's request for a hearing because he is not a party to the case. (ECF No. 77). On March 26, 2019, after this case was transferred to the undersigned, Wayne Miller was directed to re-submit his request for a hearing and provide papers supporting his request. (ECF No. 82). Resubmission

of Mr. Miller's objection was entered on April 9, 2019. (ECF No. 85).

Wayne Miller's objection includes a copy of the agreement that appointed him as Defendant's power of attorney on November 11, 2009. (ECF No. 85-2). Wayne Miller also provided a copy of the voluntary separation and property settlement agreement that Defendant entered into with his former wife, Shana Erin Barnes Miller, on July 28, 2009. (ECF No. 85-3). The agreement states that the Defendant's child, Erin Patricia Rose Miller, was born in 2006. (*Id.*, at 1). Defendant agreed to pay child support for the child in the amount of $1,050.00 per month. (*Id.*, at 3).

**II. Analysis**

The government "has a statutory obligation to collect restitution on behalf of [Defendant's] victims" according to 18 U.S.C. § 3612 and 28 C.F.R. § 0.171. (ECF No. 86 at 3). According to 28 U.S.C. § 3202, Defendant may object to the court's writs of garnishment within 20 days after receiving notice of the writs and, in response, "[t]he court that issued such order shall hold a hearing on such motion as soon as practicable." Mr. Barnes' objection is timely because it was originally filed by Wayne Miller before the court even issued the writs of garnishment. (ECF No. 77-1, at 1).

The government asserts that, according to the voluntary separation and property settlement agreement, Defendant "has a

3

remaining child support obligation of approximately $63,000[.]" (ECF No. 86, at 2). The government adds that, based on the lack of a child support order, the federal child support exemption does not limit its ability to collect the criminal restitution owed by Defendant. (*Id.*). In response, Mr. Barnes argues that Defendant's "[c]hild [s]upport obligations should take priority over [his] [c]riminal restitution obligation" and requests approximately $113,000 in child support and "a reasonable amount . . . placed in the Plan 529 to guarantee the dependent child's education."[1] (ECF No. 88, at 3).

18 U.S.C. § 3613 states that "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgement under Federal law[.]" Relevant here is 26 U.S.C. § 6334 (a)(8), which exempts payment of restitution "[i]f the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment."

---

[1] Specifically, Mr. Barnes states that Defendant's child support obligation requires funds "to support Defendant's [c]hild . . . for the next 9 years or 108 months. This totals approximately $113,000,000." (ECF No. 88, at 3). Payments of $1,050/month for 108 months equates to a total of $113,400.

4

The voluntary separation and property settlement agreement obligates Defendant to pay child support in the amount of $1,050.00 per month. The agreement makes no mention of Defendant's payment for the child's education. The child support exemption only applies when there is an order for child support. *See, e.g., United States v. Bird*, No. 2:09CR15, 2009 WL 4801374, at *2 (W.D.N.C. Dec. 8, 2009) ("[T]here is no child support order . . . [thus,] [t]he [c]ourt finds the writ of garnishment is intact and will not speculate as to whether there is an order for child support."). Although the government states that "[t]he docket from Miller's divorce matter indicates that a voluntary separation agreement was incorporated into Miller's September 2009 divorce decree," the court has not received a copy of the order. (ECF No. 86, at 3). Thus, Defendant's objection is incomplete and Defendant must provide a copy of the purported order adopting Defendant's voluntary separation and property settlement agreement. On the assumption that Defendant can provide the proper documentation, Defendant's objection will be evaluated at a hearing on May 15, 2019 at 2:30 p.m.[2]

---

[2] The government also argues that the child support exemption does not apply to "large sums stored in retirement accounts, such as the funds stored in [Defendant's] Fidelity accounts." (ECF No. 86, at 3-4). This argument will be addressed at the upcoming hearing.

Accordingly, it is this 1st day of May, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The objection must be supplemented with an order demonstrating Defendant's child support obligation within seven (7) days;

2. A hearing will be held on May 15, 2019, at 2:30 p.m. before the undersigned in Greenbelt, 6500 Cherrywood Lane, Greenbelt, Maryland, 20770. The specific courtroom will be noted at www.mdd.uscourts.gov/calendar/calendar.asp; and

3. The Clerk is DIRECTED to transmit a copy of this Order to counsel of record and to mail a copy to Defendant Kevin Miller, James Barnes, and the Garnishees.

                                                                      /s/
                                        DEBORAH K. CHASANOW
                                        United States District Court