IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                   :
KEVIN MILLER
      Petitioner                   :

      v.                           :   Criminal Case No. DKC 17-0196
                                       Civil Action No. DKC 19-3541
                                   :
UNITED STATES OF AMERICA
      Respondent                   :
```

**MEMORANDUM OPINION**

Kevin Miller, Petitioner, filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel during the restitution phase.  He claims that his attorney failed to do a records search to determine a proper restitution amount, was not prepared to argue on Defendant's behalf, and did not appeal the ruling.  The Government argues that a restitution order may not be challenged by a § 2255 motion and that the claim fails on the merits in any event.

The federal habeas statute, 28 U.S.C. § 2255, may only be used to challenge the custodial aspects of a person's sentence:

> United States Courts of Appeals and this Court have held that a petitioner may only attack terms of *incarceration*, and not a restitution order, in a § 2255 motion. In an unreported case, the United States Court of Appeals for the Fourth Circuit explained that "a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders." *United States v. Hudgins*, No. 06-6048, 2006 WL 2794412, at *1 (4th Cir. Sept. 25, 2006). Subsequently, in *United States v. Fabian* 798 F. Supp.2d 647, 684 (D. Md. 2011), this Court

similarly explained that "28 U.S.C. § 2255 only entitles prisoners to attack a custodial component of a sentence ... restitution orders cannot be attacked through a § 2255 petition, including those filed when the defendant is incarcerated." *Id.* at 684. In reaching this conclusion, this Court cited several other United States Courts of Appeals decisions, which all principally relied on the language of § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* (quoting *Smullen v. United States*, 94 F.3d 20, 25–26 (1st Cir. 1996) (citing 28 U.S.C. § 2255(a)) (emphasis in original). In one case this Court relied on, the Second Circuit explained that "[s]everal circuits have held that neither a fine nor an order of restitution amounts to custody." *Kaminski v. United States,* 339 F.3d 84, 87 (2d Cir. 2003) (*citing Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997)); *United States v. Michaud,* 901 F.2d 5, 7 (1st Cir. 1990); *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996)). This Court also cited the Eleventh, Eighth, Ninth, Fifth, Seventh, and First Circuits. *Fabian*, 798 F.Supp. at 684 (citing *Mamone v. United States,* 559 F.3d 1209, 1211 (11th Cir. 2009); *Kaminski,* 339 F.3d at 87; *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003); *United States v. Thiele,* 314 F.3d 399, 402 (9th Cir. 2002); *United States v. Hatten,* 167 F.3d 884, 887 (5th Cir. 1999); *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997); *Smullen v. United States,* 94 F.3d 20, 25–26 (1st Cir. 1996)). Accordingly, this Court concluded that "[f]ollowing the lead of the courts cited above, the court concludes that a noncustodial component

2

of a sentence, such as a restitution or forfeiture order, cannot be attacked in a § 2255 petition." *Fabian*, 798 F.Supp. at 684-85.

*Choi v. United States*, No. CR RDB-12-0066, 2018 WL 620454, at *2-3 (D. Md. Jan. 30, 2018)(footnotes omitted), *reconsideration denied sub nom. Chung Choi v. United States*, No. CR RDB-12-0066, 2018 WL 1512994 (D. Md. Mar. 27, 2018). Accordingly, the motion will be DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden,* 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability

will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). As in the earlier Memorandum Opinion, Mr. Miller does not satisfy that standard and a certificate will not issue.

/s/

DEBORAH K. CHASANOW
United States District Judge